IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC. CLERK, CHARLESTON. SC
2013 AUG -1  A 9: 02

| | |
|---|---|
| United States of America ) | 4:03-cr-00055-CWH-1 |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Robert Lee Cyrus ) | |
| ) | |
| _____ ) | |

On May 2, 2003, the defendant, Robert Lee Cyrus (the "defendant"), pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The defendant currently is serving a sentence of 188 months. (ECF No. 128).

The defendant has filed two pro se motions asking that this Court appoint counsel for him so that he may voluntarily speak to government agents about his knowledge of specific criminal activities. (ECF Nos. 120 & 133). In these identical motions, the defendant contends that he needs the assistance of counsel because he "does not want to risk any harm to his liberty or risk minimizing the benefit of a possible reduction in his sentence" and that these grounds constitute "[e]xceptional [c]ircumstances." (ECF No. 120 at 1-2; ECF No. 133 at 1-2). Finally, the defendant contends that he is indigent, and neither he nor his family has the means by which to retain counsel with respect to this matter. (ECF No. 120 at 2; ECF No. 133 at 2).

An indigent criminal defendant's right to counsel may be based upon constitutional or statutory grounds. See, e.g., United States v. Garcia, 689 F.3d 362, 363-64 (5th Cir. 2012); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (per curiam). The United States



Supreme Court has held that "the Sixth Amendment entitles indigent defendants to appointed counsel in felony cases and other criminal cases resulting in a sentence of imprisonment." Turner v. Rogers, — U.S. —, 131 S. Ct. 2507, 2522 (2011) (citations omitted). "[T]he right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). It follows, then, that "a petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction." United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) (citation omitted). Based upon this jurisprudence, the Court concludes that the defendant has no Sixth Amendment right to counsel under the facts of this case.

Next, the Court concludes that the defendant does not have a constitutional right to counsel under the Fifth Amendment's guarantee of due process. Although, in some limited circumstances, due process mandates the appointment of counsel for certain post-conviction proceedings when required by "fundamental fairness," see Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973), the defendant's motion cannot be considered a post-conviction proceeding that would entitle him to counsel.

Finally, the Court finds that the defendant does not have a statutory right to counsel under the facts presented. The Criminal Justice Act (the "CJA") provides for both mandatory and discretionary appointments. See 18 U.S.C. § 3006A(a). First, the CJA specifies ten circumstances under which "[r]epresentation shall be provided for any financially eligible person . . . ." 18 U.S.C. §§ 3006A(a)(1)(A)-(J) (emphasis added). In addition, the CJA provides that, when "the interests of justice so require, representation may be provided for any financially



Page 2 of 4

eligible person who – (A) is charged with a Class B or C misdemeanor, or an infraction for which a sentence to confinement is authorized; or (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2) (emphasis added). The Court concludes that the defendant's request for counsel to be present when he voluntarily speaks to government agents about his knowledge of specific criminal activities does not fall within the ambit of the CJA's subsections permitting the mandatory or discretionary appointment of counsel. Cf. United States v. Flores, No. 1:10CR332-2, 2012 WL 1463602, at *4 (M.D.N.C. Apr. 27, 2012) ("None of the . . . mandatory or discretionary appointment circumstances in 18 U.S.C. § 3006(A)(a) facially encompass post-conviction, criminal monetary judgment collection activity of the sort for which [the defendant] now seeks appointed counsel."). Furthermore, although the CJA mandates that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings[,]" 18 U.S.C. § 3006A(c), the Court holds that the defendant's desire to speak with government agents at this time does not qualify as an "ancillary matter[]" to his 2003 felony prosecution for conspiracy to distribute crack cocaine for which he was appointed CJA counsel. See, e.g., United States v. Davis, 400 F. App'x 538, 540 (11th Cir. 2010) (per curiam) (holding that the district court's modification of a lump-sum restitution order is not an "ancillary matter[]," because "the legislative history of § 3006(A)(c) indicates that 'ancillary matters' are 'limited to proceedings comprehended within the action for which the appointment was made'") (quoting In re Lindsey, 875 F.2d 1502, 1508 (11th Cir. 1989) (in turn citing H. R. Rep. No. 1546



(1970), reprinted in 1970 U.S.C.C.A.N. 3982, 3989)). Therefore, the defendant is not entitled to have counsel appointed under the CJA.

In conclusion, there is no recognized constitutional or statutory basis for the appointment of counsel in this case. Therefore, the defendant's motions (ECF Nos. 120 & 133) are denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

July 31, 2013
Charleston, South Carolina